IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re: NUTTERY FARM, INC.,

    Debtor.
_____/

HENDRIK SMEDING, LETTIE SMEDING,

    Appellants,

  v.

AHCOM, LTD., JEFFRY G. LOCKE,
Trustee in Bankruptcy,

    Appellees.
_____/

No. C 10-03146 WHA

**ORDER DISMISSING APPEAL FOR LACK OF STANDING**

    After Chapter 7 bankruptcy, eventually all that remained of Nuttery Farm, Inc., was an assortment of various litigation claims that could be bought and sold like so many cashews. The potential parties to these lawsuits, Nuttery Farm's principals Hendrik and Lettie Smeding, and creditor Ahcom, Ltd., vied for possession of these claims. The Smedings proposed buying the business torts claim and settling the alter ego claim. A hearing on the proposal was noticed. Ahcom made a counterproposal to buy the alter ego claim and the breach of fiduciary duty claim.

    At the hearing, both sides and the trustee were represented by competent counsel. The bankruptcy judge rejected the Smedings' $10,000 offer in favor of Ahcom's better counterproposal. Appellants' counsel said nothing, except "good morning" and "thank you,"

at the hearing. He made no objection while the judge fashioned his order. He sat back and let the judge fashion relief without uttering a single complaint.

The Smedings now appeal from this sale order on the grounds of "improper notice." Specifically, the Smedings contend that the fresh sale to Ahcom necessitated fresh notice, and the notice of the fiduciary duty claim in particular was inadequate and untimely.

The bankruptcy judge had every reason to believe that the Smedings had no objection to the proceedings as they unfolded. For the Smedings to lie in the weeds during the sale hearing, only to now appeal and generate these unnecessary proceedings, is manifestly unfair to the system.

Attendance and objection at a bankruptcy court hearing are prerequisites to appellate standing. The whole point of the attend-and-object requirement is to head off problems like this. Appellants' counsel attended but did not object. Consequently, the appeal is **DISMISSED** for lack of standing.

**IT IS SO ORDERED.**

Dated: November 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2